**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard Ruohonen,

Plaintiff,

v.

Associates First Capital Corp., Keith Hughes, J. Carter Bacot, Eric S. Dobkin, William Issac, Judy Jolley Mohraz, H. James Toffey, Jr., Kenneth Whipple, Roy A. Guthrie, John F. Stillo, Arcadia Financial Ltd., Scott H. Anderson, Robert J. Cresci, James L. Davis, Richard Greenawalt, Warren Kantor, Robert A. Marshall,

Defendants.

Civil No. 00-776 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Garrett D. Blanchfield, Jr., Esq., Reinhart & Anderson, St. Paul, Minnesota, and Darren J. Robbins, Esq., and Randall H. Steinmeyer, Esq., Milberg Wiess Bershad Hynes & Lerach, San Diego, California, for Plaintiff.

Peter S. Hendrixson, Esq., and Peter W. Carter, Esq., Dorsey & Whitney, Minneapolis, Minnesota, Gregory P. Joseph, Esq., Fried, Frank, Harris, Shriver & Jacobson, New York, New York, and Daniel Hill, Esq., in-house counsel, for Defendant Arcadia Financial Ltd. and the individual Arcadia defendants.

Thomas Kimmer, Esq., Faegre & Benson, Minneapolis Minnesota, and Michael Chepiga, Esq., and Alan Schnitzer, Esq., Simpson Thacher & Bartlett, New York, New York, for Defendant Associates First Capital Corp. and the individual Associates defendants.

---

This matter is before the Court on Plaintiff's Application for a Temporary Restraining Order. Plaintiff Richard Ruohonen claims that proxy statements issued by Defendant Arcadia Financial Ltd. ("Arcadia") in connection with its merger with Defendant Associates First Capital Corp. ("Associates") contained materially misleading statements in violation of section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated

FILED MAR 31 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

thereunder. Because of these allegedly misleading statements, Plaintiff seeks to enjoin a shareholders' meeting and vote on the merger scheduled for Friday, March 31, 2000.

This action parallels a Minnesota state-court action filed in late 1999. In fact, Plaintiff's Complaint and the request for a restraining order come only 3 days after the judge in the state-court action, the Honorable Gary Larson, denied Plaintiff's substantially identical request for a restraining order in that court. Plaintiff claims that his failure to include Judge Larson's order in his moving papers before this Court was an "oversight."

The Court and the parties held a telephone hearing on the matter on Thursday, March 30, 2000. At the conclusion of the hearing, the Court indicated that it would deny Plaintiff's Application. For the reasons stated at the hearing, and for the reasons that follow, the Application is denied.

The test for whether a temporary restraining order should issue was set forth by the Eighth Circuit in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.3d 109 (8th Cir. 1981). A restraining order or an injunction may be granted only on consideration of:

(1) the threat of irreparable harm to the movant;

(2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(3) the probability that movant will succeed on the merits; and

(4) the public interest.

Id. at 113. Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993). The party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above, Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

As an initial matter, the Court finds that Plaintiff is collaterally estopped from claiming either that he will suffer irreparable harm absent the issuance of the restraining order, or that the balance of the harms favors his position. Plaintiff is a party to the state-court action, and therefore he is bound by the determinations of the court in that case. Judge Larson specifically held that Plaintiff cannot demonstrate that an injunction is necessary to prevent irreparable harm. See In re Arcadia Financial Ltd. Shareholder Litigation, No. 99-15992, slip op. at 6 (Minn. Dist. Ct. Hennepin Cty. March 27, 2000). Judge Larson also found that the balance of the harms factor "strongly favors" Arcadia, not Plaintiff. Id. at 7. Plaintiff has offered no reason why these findings do not apply to him, and has come forward with no case law as to why he should not be collaterally estopped as a result.

However, even if Plaintiff is not collaterally estopped from claiming irreparable harm, the Court finds that Plaintiff has failed to demonstrate that he will prevail on any of the Dataphase factors listed above. Most importantly, he has failed to show that he will suffer irreparable harm in the absence of a restraining order. This failure is, alone, fatal to his request for a restraining order, because the absence of irreparable harm makes consideration of the remaining Dataphase factors unnecessary. See, e.g., Dataphase, 640 F.2d at 114; Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc) (stating that movant is required to show the threat of irreparable harm). The harm that Plaintiff alleges can be adequately compensated by monetary damages, or by a later court order voiding the allegedly invalid shareholder vote. The Court also finds that Plaintiff has failed to show that the balance of harms tips in his favor, that he is likely to succeed on the merits of his claims, or that the public interest favors the issuance of a restraining order.

Accordingly, **IT IS HEREBY ORDERED that**:

Plaintiff's Application for a Temporary Restraining Order [Docket No. 2] is **DENIED**.

Dated: March 31, 2000

DONOVAN W. FRANK
Judge of United States District Court